## Case No. 3,611.

### DAVIES et al. v. ARTHUR.

[13 Blatchf. 34;[1] 21 Int. Rev. Rec. 205.]

Circuit Court, S. D. New York. June Term, 1875.[2]

CUSTOMS DUTIES—CLASSIFICATION—SUFFICIENCY OF PROTEST—"SILK TIES."

D. entered imported merchandise as "silk ties." The collector exacted a duty of 60 per

[3] [From 10 Am. Law Reg. 519.]
[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 96 U. S. 148.]

cent. ad valorem thereon, as "silk scarfs," under section 8 of the act of June 30, 1864 (13 Stat. 210). D. protested against paying such duty, on the ground that the merchandise was "articles worn by men, women and children, and wearing apparel, and should only pay duty at 35 per cent. ad valorem," and was "neither scarfs nor ready-made clothing in fact, or as known in trade or commerce." The merchandise was in fact dutiable at 50 per cent. ad valorem, as a manufacture of silk, not otherwise provided for, under the concluding clause of said section 8. D. brought this suit to recover back the 10 per cent. excess of duty paid, as having been paid under protest: Held, that the protest was insufficient, because it did not set forth "distinctly and specifically" the grounds of the objection to the amount claimed, as required by section 14 of the act of June 30, 1864 (13 Stat. 215), and failed to state the true ground of objection to the duty exacted.

[Action by John M. Davies and others against Chester A. Arthur, collector of the port of New York, to recover excessive duties levied by defendant on certain articles imported by plaintiffs.]

Edward Hartley, for plaintiffs.

Thomas Simons, Asst. Dist. Atty., for defendant.

WALLACE, District Judge. Upon the importation by the plaintiffs, of merchandise entered by them as "silk ties," the defendant, as collector of the port of New York, exacted a duty of 60 per centum ad valorem, upon the assumption that the articles should be classified as "silk scarfs," under section 8 of the act of June 30, 1864 (13 Stat. 210). The plaintiffs protested against the payment of such duty, on the ground that the merchandise was "articles worn by men, women and children, and wearing apparel, and should only pay duty at 35 per centum ad valorem, under section 22, Act March 2, 1861 [12 Stat. 190], and section 13, Act July 14, 1862 [12 Stat. 555], and are neither scarfs nor ready-made clothing in fact, or as known in trade or commerce." It now appears, that the merchandise should have been classified as "a manufacture of silk, not otherwise provided for," under the concluding clause of section 8 of the act of June 30, 1864, and was dutiable at 50 per centum ad valorem. The plaintiffs now seek to recover the difference of 10 per centum between the proper duty and the duty exacted by the defendant; and the only question for consideration is, whether they are permitted to do so under their protest.

Unless the protest sets forth "distinctly and specifically" the grounds of the objection to the amount claimed, it fails to meet the requirements of the statute,—Act June 30, 1864 (13 Stat. 215, § 14),—and there can be no recovery. Although, in one sense, the articles imported may have been "silk ties," or "wearing apparel," or "articles worn by men," as claimed by the plaintiffs, or "silk scarfs," as claimed by the defendant, they were not such within the meaning of the laws imposing duties, but were "a manufacture of silk, not otherwise provided for," and the

plaintiffs, therefore, failed to state the true ground of objection to the duty exacted. The office of the protest is to point out to the officers of the government the precise errors of fact or of law which render the exaction of the duty unauthorized. Thomson v. Maxwell [Case No. 13,983]; Curtis' Adm'x v. Fiedler, 2 Black [67 U. S.] 461. The plaintiffs can only be heard to allege, now, the objections distinctly and specifically stated in their protest. Norcross v. Greely [Case No. 10,294]; Swanston v. Morton [Id. 13,677]; Kriesler v. Morton [Id. 7,933;] Warren v. Peaslee [Id. 17,198]. They are precluded, therefore, from insisting that their importation was a manufacture of silk, not otherwise provided for, and subject to a duty of 50 per centum, instead of 60, as exacted, when, by their protest, they allege it to be "wearing apparel," &c., subject to a duty of 35 per centum.

It is urged that the protest described the merchandise with sufficient accuracy to inform the collector of the character of the articles, by designating them as "silk ties," and was not vitiated by an error of law in classifying them as "wearing apparel," &c., subject to a duty of 35 per centum. The argument is, that the collector is presumed to have known the law, and could not have been misled by the error. If the error was one of law, it was this only that could have misled the collector. If he could not have been misled because theoretically he knew the law, there was no necessity for any protest; and the argument would prove t o much, because it would lead to the conclusion that a protest is never necessary when the officers of the government exact illegal duties upon an erroneous construction of the law. There is no reason for any distinction in the requirements of a protest, when predicated on errors of law on the part of the officers of the government, and when upon errors of fact. The construction of the law is equally open to both parties, but the burden is imposed upon the importer to state the grounds of his objection, and to state them distinctly and specifically.

It is also insisted, on behalf of the plaintiffs, that, inasmuch as the collector claimed that the articles imported were "silk scarfs," and the protest stated that they were not "scarfs in fact, or as known in trade and commerce," it sufficiently stated the ground of the objection. This statement was merely a challenge of the collector's position, a denial that the articles were what he claimed them to be. Such a statement is not distinct and specific, for nothing can be more indefinite than a general denial. The collector can not fail to know that his position is challenged when the importer insists that the duty exacted is excessive; and, if a mere negation is the specific statement of objection contemplated by the statute, it would seem that the statute is a piece of very useless legislation.

The protest must be held insufficient, and judgment is ordered for the defendant.

[NOTE. Plaintiffs took a writ of error to the supreme court of the United States, which affirmed the judgment on the ground of the insufficiency of the protest. Davies v. Arthur, 96 U. S. 148.]